UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT KULCSAR,<br><br>        Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | No. 2:15-CV-119-LRS<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 16) and the Defendant's Motion For Summary Judgment (ECF No. 18).

## JURISDICTION

Robert Kulcsar, Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) in February 2006, alleging disability starting in March 2005. These applications were denied initially and on reconsideration. Administrative Law Judge (ALJ) R.J. Payne held an administrative hearing and subsequently issued a decision on May 14, 2010, finding Plaintiff not disabled. Plaintiff requested review of this decision and the Appeals Council remanded for further proceedings. Following a second administrative hearing in 2012, the ALJ again found Plaintiff not disabled. Plaintiff requested review and the Appeals Council again remanded for further proceedings.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

On January 23, 2014, an administrative hearing was held by ALJ Caroline Siderius. Plaintiff, represented by a non-attorney representative, testified at this hearing, as did two medical experts and a vocational expert (VE), K. Diane Kramer. Following this hearing, Plaintiff's non-attorney representative pointed out that VE Kramer's hearing testimony conflicted with the Dictionary of Occupational Titles (DOT). In an effort to reconcile the same, the ALJ submitted written interrogatories to VE Kramer. Following receipt of answers to these interrogatories, ALJ Siderius rendered an unfavorable decision on April 21, 2014, which was appealed to the Appeals Council. The Appeals Council denied a request for review and the ALJ's decision became the final decision of the Commissioner. This decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUE

Plaintiff argues the ALJ erred because she failed to resolve an inconsistency between the VE's testimony and the DOT.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 3**

C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 4**

**ALJ'S FINDINGS**

The ALJ found Plaintiff has severe medical impairments, but that he does not have an impairment or combination of impairments that meets or equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1.

The ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§404.1567(b) and 416.967(b), that "[h]e can lift 20 pounds occasionally and 10 pounds frequently," that "[h]e can sit up to 6 hours in an 8-hour day and stand/walk up to 2 hours in an 8-hour day." (Tr. at p. 32). The ALJ found Plaintiff also has certain non-exertional limitations:

> He cannot kneel, crouch, or crawl. He should avoid extreme temperatures, wetness, humidity, and vibration. He is capable of frequent, but not constant, use of both hands. He is capable of simple, routine tasks that do not require more than superficial contact with the general public or more than occasional, brief contact with co-workers and supervisors.

(*Id.*).

The ALJ found this RFC allowed Plaintiff to perform past relevant work as a car wash attendant, automatic cleaner, office/housekeeper, and sales clerk. Furthermore, it allowed Plaintiff to perform other jobs existing in significant numbers in the national economy, including office cleaner, electrical assembler, and mail clerk. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**VE TESTIMONY AND INTERROGATORY ANSWERS**

At the administrative hearing, the ALJ first presented the VE with a hypothetical that included all of the limitations set forth in the RFC the ALJ ultimately included in her decision, with the exception of "[no] more than superficial contact with the general public or more than occasional, brief contact with co-workers and supervisors." (Tr. at p. 700). The VE opined that based on that RFC, she did not believe Plaintiff could perform any of his past relevant work which she identified as including car wash attendant, construction worker, janitor and automobile detailer.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 5**

Case 2:15-cv-00119-LRS   Document 20   Filed 01/25/16

(Tr. at pp. 699-700). The VE opined there were, however, other jobs in the national economy which the Plaintiff could perform, including sorter and production assembler. (Tr. at pp. 700-701). In her second hypothetical to the VE, the ALJ asked the VE to also consider that the individual could only have "superficial contact with the general public" and "occasional brief contact with coworkers and supervisors." (Tr. at p. 701). The ALJ opined that even with these additional limitations, Plaintiff could still perform the jobs of sorter and production assembler. (*Id.*). In her final hypothetical to the VE, the ALJ asked the VE to assume the individual could only have superficial contact with both the general public and coworkers. (*Id.*). The ALJ opined that Plaintiff could still perform the jobs of sorter and production assembler. (*Id.*).

Plaintiff's representative submitted a post-hearing brief to the ALJ which asserted the VE's testimony conflicted with the DOT and that per the DOT descriptions of sorter and production assembler, Plaintiff could not perform those jobs based on the hypotheticals presented to the VE. (Tr. at p. 589). More specifically, the representative asserted:

> The VE testified the claimant would be able to perform other work as: Sorter (DOT 529.687-186) and Production Assembler (DOT 706.687-010). Both Sorter and Production Assembler are listed as Light, SVP 2. Light work requires standing and walking for up to 6 hrs. a day and sitting up to 2 hrs. in an 8 hr. day. Both jobs indicate significant standing, walking, pushing, and/or pulling. However, the hypothetical limits standing/walking to 2 hrs. in an 8 hr. day. The Sorter job demands constant handling. However, the hypothetical limits manipulative use of the hands to frequent, not constant. The Production Assembler job demands occasional crouching. However, the hypothetical eliminates crouching.

(*Id.*).

This post-hearing brief prompted the ALJ to send written interrogatories to the VE. In response to those interrogatories, the VE indicated Plaintiff could perform some of his past relevant work based on the limitations presented by the ALJ at the hearing, including "[s]uperficial contact with general public" and "occasional, brief

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 6**

contact with coworkers and supervisors." (Tr. at p. 611). The past relevant work included Car Wash Attendant, Cleaner (Office/Housekeeping), and Sales Clerk (Tr. at p. 607), the latter of which had not been mentioned by the VE during the hearing.

In further response to the interrogatories, the VE indicated there were also other jobs in the national economy that Plaintiff could perform, including Office Cleaner 1, Assembler Electrical, and Mail Clerk. (Tr. at pp. 607 and 612). Sorter and Production Assembler were not included.

The Plaintiff's representative filed a written response to the VE's interrogatory responses. (Tr. at pp. 617-18). The representative asserted that all of the jobs identified by the VE are listed in the DOT as "light," requiring an individual to stand or walk for approximately 6 hours of an 8 hour workday and therefore, incompatible with being limited to 2 hours of standing or walking in an 8 hour day. (Tr. at p. 617). The representative also noted that with regard to Plaintiff's past jobs which the VE now opined the Plaintiff could perform, certain requirements of those jobs as set forth in the DOT were incompatible with certain limitations set forth in the ALJ's hypothetical (and what ultimately turned out to be her RFC determination). (Tr. at p. 618).

The ALJ adopted the VE's opinion that Plaintiff could perform his past relevant work as a car wash attendant, cleaner and sales clerk. According to the ALJ:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform these jobs, as

///
///
///
///
///
///
///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

> generally performed. Pursuant to SSR 00-4p[1], the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT) **except to the extent to which she considered the significance of the jobs that would provide for the reduced stand/walk. This information was obviously based upon her professional expertise and experiences in conducting labor market surveys**.

(Tr. at p. 36). In other words, the ALJ concluded that because of the VE's expertise and experience, as opposed to the information set forth in the DOT, the VE was aware that the jobs of car wash attendant, cleaner and sales clerk, as "generally performed," allowed for the "reduced stand/walk," that being standing or walking 2 hours in an 8 hour workday.

As an alternative finding, and for the same reasons, the ALJ adopted the VE's opinion that Plaintiff could perform the other jobs the VE identified in her answers to the interrogatories. (Tr. at pp. 37-38).

"When there is an apparent conflict between the vocational expert's testimony and the DOT- for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle- the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015), citing *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The ALJ must ask the expert to explain the conflict and "then determine

---

[1] SSR 00-4p provides:

> When vocational evidence provided by a VE or VS is
> not consistent with information in the DOT, the adjudicator
> must resolve this conflict before relying on the VE or the
> VS evidence to support a determination or decision that the
> individual is or is not disabled. The adjudicator will explain
> in the determination or decision how he or she resolved the
> conflict. The adjudicator must explain the resolution of the
> conflict irrespective of how the conflict was identified.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

whether the vocational expert's explanation for the conflict is reasonable" before relying on the expert's testimony to reach a determination. *Id.*, quoting *Massachi*, 486 F.3d at 1153-54.

In her summary judgment motion, the Commissioner concedes the ALJ erred in her Step Four finding that Plaintiff could perform past relevant work. (ECF No. 18 at p. 2, n. 1). The court concludes the ALJ's Step Five finding also cannot stand. The VE's answers to the interrogatories offer no explanation why Plaintiff would be capable of performing the other jobs identified by her considering the hypothetical limitations posed by the ALJ and ultimately adopted as her RFC determination. The absence of any explanation prompted the ALJ to simply assume the VE relied on her expertise and experience in concluding that the jobs identified by her, as "generally performed," allowed for standing or walking 2 hours in an 8 hour workday. There is no support in the record for this assumption.

The Commissioner correctly points out that "light work" requires "a good deal of walking or standing, **or when it involves sitting most of the time with some pushing and pulling of arm or leg controls**." 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Emphasis added). The VE, however, gave no indication that the jobs identified by her in her interrogatory answers were compatible with the limitations identified by the ALJ because they involved sitting most of the time with some pushing and pulling of arm or leg controls, as opposed to requiring a good deal of walking and standing. And in her decision, the ALJ gave no indication that this was a reason she chose to adopt the VE's opinion that Plaintiff could perform these jobs. It is indeed conceivable, as acknowledged by Plaintiff, that a job classified as "light" may not involve standing or walking for more than two hours in a workday, but such a conclusion must be based on evidence in the record, not assumptions.

In her answers to interrogatories, the VE did not list sorter and production assembler as other jobs the Plaintiff was capable of performing, in contrast with the testimony she gave at the administrative hearing. It is unclear whether this was an

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

attempt to avoid resolving the apparent inconsistency between her testimony and the DOT.  But in summarily identifying in interrogatory answers new jobs the Plaintiff was purportedly capable of performing, the VE left questions about the compatibility of those jobs with Plaintiffs' limitations which are not resolved by the current state of the record, as evidenced by the assumptions made by the ALJ in her decision. There is a "gap in the record" which precludes a determination whether the ALJ's Step Five finding is supported by substantial evidence. *Zavalin*, 778 F.3d at 846.  As in *Massachi*, 486 F.3d at 1154, because of unresolved occupational evidence, it cannot be determined whether the ALJ properly relied on the VE's answers to the interrogatories.  Significantly contributing to the court's concern whether the ALJ properly relied on the VE's interrogatory answers is the fact those answers indicated Plaintiff was capable of performing past relevant work including that of car wash attendant, which she previously testified the Plaintiff could not perform, and that of sales clerk which she did not identify at the hearing as past relevant work.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 16) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 18) is **DENIED**. Pursuant to Sentence Four of 42 U.S.C. §405(g), this matter is **REMANDED** for further administrative proceedings including the following: 1) the holding of a *de novo* hearing*;* 2) the consideration of any new evidence submitted by Plaintiff; 3) taking of testimony from a vocational expert about Plaintiff's ability to perform his past relevant work and other work that comports with the requirements of Social Security Ruling 00-4p; and 4) the making of new findings at Step Four and Step Five based on the updated record.

///

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 10**

1  **IT IS SO ORDERED.** The District Executive shall enter judgment
2  accordingly and forward copies of the judgment and this order to counsel of record.
3  **DATED** this 25th of January, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**- 11